IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JANICE D. GREEN, as guardian of      )
GLADYS I. GREEN,                     )
                                     )
                  Plaintiff,         )
                                     )
vs.                                  )   Case Number CIV-05-1052-C
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                  Defendant.         )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Summary Judgment, and for Costs. Plaintiff filed a response and the matter is now at issue.

Plaintiff filed the present action asserting that actions taken by the I.R.S. in regard to her late husband's estate constituted an improper levy in violation of 26 U.S.C. § 7426. Defendant filed the present motion, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 56, asserting that as there was no "levy" the Court lacks subject matter jurisdiction. In the alternative, Defendant argues Plaintiff's claims are barred by the statute of limitations, res judicata, and/or the Rooker-Feldman doctrine.

The Tenth Circuit has established the analysis to be applied in resolving motions brought pursuant to Rule 12(b)(1):

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted).

Here, Defendant challenges the facts upon which the Court's subject matter jurisdiction exists, namely whether or not a levy occurred. Therefore, the Court can consider the evidentiary materials attached to the parties' briefs. The next question is whether the Court must consider the issues pursuant to Rule 12(b)(1), or as if brought pursuant to Rule 12(b)(6). See id. at 1003 ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."). "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." Sun Valley Gasoline, Inc. v. Ernst Enters., Inc., 711 F.2d 138, 139 (9th Cir. 1983) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)). As noted above, Plaintiff's claims are for an alleged wrongful levy. In determining whether or not a levy occurred it is necessary to examine the facts underlying the merits of Plaintiff's claim. Thus, the statute that gives rise to the claim also establishes a basis for the Court's jurisdiction. Therefore, Defendant's motion must be considered pursuant to Rule 12(b)(6) or converted to a motion for summary judgment pursuant to Rule 56. See Holt, 46 F.3d at 1003 ("The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same

statute which provides the substantive claim in the case.") (citing Wheeler v. Hurdman, 825 F.2d

257, 259 (10th Cir. 1987)).[1]

Defendant argues Plaintiff's claim must fail as no levy occurred and thus there can be no

claim for wrongful levy.  According to Defendant, the tax was paid at the direction of the probate

court after this Court had reduced the tax claim to a judgment.  In response, Plaintiff argues that

the judgment from this Court and the actions of the probate court were improper as the time

period for collecting tax expired prior to those actions.  Thus, Plaintiff argues those Orders were

invalid as no valid tax lien could exist.  According to Plaintiff, the actions of the I.R.S. to collect

the tax after expiration constituted a seizure of property by any means and was therefore a levy

as defined by 26 U.S.C. § 6331(b).

Because the facts must be examined in the light most favorable to Plaintiff,[2] the Court

finds Plaintiff has made a colorable claim for wrongful levy.  Thus, the Court finds it has subject

matter jurisdiction over this matter.  However, because Plaintiff has failed to timely bring this

action, Defendant's motion will be granted.

Plaintiff's Complaint clearly states that this matter is brought pursuant to 26 U.S.C.

§ 7426.  Subparagraph (i) of that statute states: "For period of limitation, see section 6532(c)."

In pertinent part, 26 U.S.C. § 6532(c) states:

---

[1] Plaintiff has recognized the necessity to consider Defendant's motion as if brought pursuant to Rule 56, therefore no additional notice is necessary before further considering the matter.

[2] Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  (All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.)

>       (1) General rule.--Except as provided by paragraph (2), no suit or proceeding
>       under section 7426 shall be begun after the expiration of 9 months from the date
>       of the levy or agreement giving rise to such action.

Plaintiff argues that because the I.R.S. and those persons acting on its behalf acted to disguise the fact that any entitlement to pursue the levy had expired, her action should be considered timely.  In any event, Plaintiff argues, questions of fact exist on the issue.  Plaintiff's position is without merit.  Regardless of when she learned of the levy from the documents obtained by her Freedom of Information Act Request, it is undisputable that Plaintiff was aware of the factual underpinnings of her claim on January 28, 2004, when she filed her First Amended Complaint in Gladys I. Green v. United States of America, Case No. CIV-02-1670-C.  Indeed, the allegations set forth in that pleading are identical to those set forth in the Complaint filed in this case.  The present action was filed on September 9, 2005.  Thus, Plaintiff's action is untimely under § 6532(c)(1).

Plaintiff argues that her first action was timely filed considering the time in which she first learned of the actions of the I.R.S.  Whether or not this statement is correct or factually supported, it is simply of no consequence to the decision here.  Once the earlier suit was dismissed, it was as if it had never been brought.  See Brown v. Hartshorne Public School Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991) ("It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought.") (citations omitted).  Further, the filing of the earlier action did not toll, or otherwise affect, the running of the limitations period.  Id. ("In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action.").  Here, the only purpose the

earlier filed action serves is to establish a clearly defined date on which Plaintiff was aware of

the alleged wrongful levy.  Because Plaintiff did not file the present case within nine months of

that date, it is clearly untimely and will be dismissed.[3]

In the dismissal of the previous action, the Court noted any refiling would be subject to

Fed. R. Civ. P. 41(d).  In its motion, Defendant requests that costs be assessed and the Court

finds such an assessment is warranted.  Accordingly, Defendant shall, within ten days of the date

of this Order, file an appropriately documented request for the costs[4] incurred in defending the

claims pursued in Gladys I. Green v. United States of America, Case No. CIV-02-1670-C.

As set forth more fully herein, Defendant's Motion to Dismiss for Lack of Subject Matter

Jurisdiction and/or for Summary Judgment, and for Costs (Dkt. No. 10), construed as requesting

judgment, is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 17th day of August, 2006.

ROBIN J. CAUTHRON
United States District Judge

---

[3] Because the limitations issue disposes of Plaintiff's claims, it is unnecessary to consider
the remainder of Defendant's arguments.

[4] To the extent Defendant asserts the term "costs" includes attorneys' fees, it shall provide
authority to that effect.  See Marek v. Chesny, 473 U.S. 1 (1985) (superseded by statute on other
grounds).